### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAHAMMADO LAMINE GAKOU,　　　　:　　No. 3:25cv2267

　　　　　　　　　　Petitioner　　　:　　(Judge Munley)

　　　　v.　　　　　　　　　　　　　:

WARDEN OF PIKE COUNTY　　　　　　:
CORRECTIONAL FACILITY,　　　　　:

　　　　　　　　　　Respondent　　　:

### MEMORANDUM

Petitioner Mahammado Lamine Gakou ("Gakou"), a citizen of Senegal residing in the United States since 2023, with no criminal history and a pending appeal with the Board of Immigration Appeals ("BIA"), filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).  Gakou is currently detained at the Pike County Correctional Facility within the Middle District of Pennsylvania.  Gakou asserts that he is being unlawfully detained under 8 U.S.C. § 1225(b)(2)(A) when, in fact, he is detained under 8 U.S.C. § 1226(a), that his due process rights have been violated by his detention under Section 1225(b)(2)(A), and that he is entitled to immediate release or a bond hearing. (Doc. 1).

Gakou subsequently filed an amended habeas petition wherein he again asks the court to grant him habeas relief in finding that Section 1226(a) applies to

him, not Section 1225(b)(2)(A).  (Doc. 8).  He renews his request that the court order his immediate release or a bond hearing.  (Id. at 2).

For the reasons set forth below, the court will grant habeas relief and order that Gakou be provided with a bond hearing before an Immigration Judge by May 11, 2026.[1]

## I.    **Background**

Gakou is a native and citizen of Senegal.  (Doc. 6-2, Record of Deportable/Inadmissible Alien).  He entered the United States on May 13, 2023 near San Diego, California, and encountered a United States Customs and Border Patrol Agent.  (Id.).  The Border Patrol Agent determined that Gakou unlawfully entered the United States from Mexico.  (Id.).  Gakou was subsequently arrested and transported to the San Diego Area Detention/Transit Staging Area for further processing.  (Id.).  Gakou was served a Notice to Appear, charging him as inadmissible pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).  (Id.).  At the same time, the government released

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Gakou filed the instant petition while he was detained within the jurisdiction of this court, and he is still in custody of the United States Immigration and Customs Enforcement ("ICE") within this court's jurisdiction.  Gakou asserts that his continued detention violates his right to due process.  He also asserts that the wrong provision of the Immigration and Nationality Act ("INA") is being used to justify his potentially indefinite detention.  Thus, the court has habeas jurisdiction over Gakou's petition.  Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

Gakou due to lack of bed space.  (Id.).  The Notice to Appear was never served on the court and was ultimately disposed of due to failure to prosecute.

Approximately two years later, on June 17, 2025, Gakou reported to the Philadelphia United States Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") office for a scheduled check-in. (Doc. 6-3, Notice to Appear).  Gakou was detained by ICE/ERO and charged with a violation of INA § 212(a)(6)(A)(i).[2]  The Notice to Appear stated that a hearing would be held before an Immigration Judge on June 30, 2025.  (Id.).

On October 24, 2025, an Immigration Judge issued an order finding that Gakou was inadmissible under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the INA, and his applications for asylum were denied.  (Doc. 6-4, Order of the Immigration Judge).  An Immigration Judge ordered Gakou removed to Senegal. (Id.).

A review of the public docket suggests that Gakou appealed the removal order with the BIA, the briefing schedule has expired, no briefs were received, and his appeal remains pending, and he is still not subject to a final order of removal.  See publicly available Executive Office for Immigration Review

---

[2]  The Notice to Appear charged Gakou as inadmissible pursuant to INA § 212(a)(6)(A)(i), codified at 8 U.S.C. § 1182(a)(6)(A)(i), because he entered the United States without being admitted or paroled, or he arrived in the United States at a time or place other than as designated by the Attorney General.  (Doc. 6-3, Notice to Appear).

("EOIR") Automated Case Information page, Gakou, A-Number 241-309-931, available at https://acis.eoir.justice.gov/en/caseInformation (last visited April 27, 2026); see also 8 C.F.R. § 1241.1(a) (stating that an order of removal from an Immigration Judge becomes final, inter alia, "[u]pon dismissal of an appeal by the Board of Immigration Appeals").

## II.    Discussion

Gakou alleges that he is subject to 8 U.S.C. § 1226(a) because he has been present in the United States and is not "seeking admission." (Doc. 1, at 2-3; Doc. 8, at 1). Respondent argues that Gakou is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as he entered the United States illegally and therefore remains an "applicant for admission" based on his undocumented status. (Doc. 6, at 2-3). This case thus turns on whether Section 1225(b)(2)(A) or Section 1226(a) applies to Gakou. The court finds that Section 1226(a) applies and therefore Gakou is subject to discretionary detention.

The court will first consider the two statutory provisions of the INA at issue. Section 1225 is a statute titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." 8 U.S.C. § 1225. Section 1225(a)(1) provides that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United

4

States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1).

Section 1226, in contrast, is titled "Apprehension and detention of aliens." Pursuant to Section 1226(a) "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Pending such decision, the Attorney General may: (1) "continue to detain the arrested alien"; and (2) "may release the alien on...bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or...conditional parole[.]" 8 U.S.C. § 1226(a)(1)-(2); see also 8 C.F.R. §§ 1003.19, 1236.1(c)(8), 1236.1(d)(1).

Respondent is currently detaining Gakou pursuant to 8 U.S.C. § 1225(b)(2)(A). Gakou is a noncitizen residing in the United States since 2023. It is undisputed that Gakou does not have a criminal history, his appeal with the BIA is pending, and he is not subject to a final order of removal. (Docs. 1, 6, 6-2; see also EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited April 27, 2026)).

The majority of federal district courts that have addressed the issue before the court have interpreted the INA to find that persons similarly situated to

5

Gakou—noncitizens who previously entered the United States and are currently residing in the United States—are not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) but instead are subject to the discretionary detention pursuant to 8 U.S.C. § 1226(a) and accordingly are entitled to a bond hearing. See Demirel v. Fed. Det. Ctr. Philadelphia, 2025 WL 3218243, at *1 (E.D. Pa. Nov. 18, 2025) ("Although there is no apposite appellate authority, there are 288 district court decisions addressing this issue. In all but six, the Government's interpretation of the INA—the same interpretation it urges here— was rejected."). Indeed, every district court in the Third Circuit to consider this issue has found that detainees similarly situated to Gakou are not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).[3]

The court will not deviate from that majority view in this case. Gakou's detention under Section 1225(b)(2)(A) is unlawful because the plain language of this provision and the statutory framework of the INA compels a finding that Section 1225(b)(2)(A) applies only to noncitizens who are affirmatively seeking admission to the United States, not noncitizens like Gakou who have resided in the United States for years.[4] See Bethancourt Soto v. Soto, 807 F. Supp. 3d

---

[3] See, e.g., Sislema v. Soto, 2025 WL 3496749 (D.N.J. Dec. 5, 2025) (Martinotti, J.); Conde v. Jamison, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J.); Del Cid v. Bondi, 2025 WL 2985150 (W.D. Pa. Oct. 23, 2025) (Haines, J.).

[4] The Supreme Court has acknowledged that 8 U.S.C. § 1226 "generally governs the process of arresting and detaining…aliens already in the country pending the outcome of

397, 408 (D.N.J. 2025) ("For all these reasons, the Court concludes that § 1225(b)(2)(A) applies only to noncitizens who are actively, i.e., affirmatively, 'seeking admission' to the United States.  Accordingly, it does not apply to individuals like Petitioner, who has been residing in the United States 'for over seven years.'").  There is no dispute that at the time of Gakou's arrest and being charged with removability in June of 2025, he had been in the United States for approximately two years and was not actively seeking admission at its port of entry.[5]  Therefore, the court concludes that Gakou's detention is governed by Section 1226(a).  The petition for a writ of habeas corpus will be granted, and the court will order that a bond hearing be held before an Immigration Judge within the next seven days.

As for Gakou's constitutional arguments, he enjoys the protections of the Due Process Clause of the Fifth Amendment.  Trump v. J. G. G., 604 U.S. 670,

_____

removal proceedings." Jennings v. Rodriguez, 583 U.S. 281, 288-89 (2018); Id. at 303 ("As noted, § 1226 applies to aliens already present in the United States.").

The court acknowledges that the BIA set forth a contrary conclusion in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025)—that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like Gakou.  However, "[t]his Court owes no deference to an agency interpretation that conflicts with the statute's unambiguous text." Bethancourt Soto v. Soto, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (citing Loper Bright Enters. v. Raimondo, 603 U.S. 369, 400-01 (2024)).

[5] In May of 2023, when Gakou first entered the United States near San Diego, California, his status would have been "seeking admission" to the United States.  At that time, an immigration official made the decision to release Gakou in the United States on his own recognizance.  Therefore, Section 1225(b)(2)(A) does not apply to Gakou as he is not currently "seeking admission" to the United States.

7

673 (2025).  Whether Gakou's continued detention under 8 U.S.C. § 1225(b)(2)(A) violates procedural due process requires a consideration of: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail.  Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

The factors favor providing Gakou with a bond hearing.  First, his private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004); see also Zadvydas v. Davis, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.").  "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-cv-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted).  Although respondent claims that Gakou's detention is only "temporary" and does not violate due process, his detention will likely continue while he pursues his case through the proper

8

immigration appeal channels.  (Doc. 6, at 37).  Respondent does not dispute that there is no final removal order for Gakou.  His prolonged and indefinite detention will continue, as Gakou has appealed the decision of the Immigration Judge to the BIA and he has the right to then appeal to the Court of Appeals.

Second, Gakou has been detained erroneously under Section 1225(b) without any apparent procedural safeguards, including the ability to obtain a bond hearing.  See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely.").

As to the third factor, the court notes the Government has an interest in detaining noncitizens to ensure "the appearance of aliens at future immigration proceedings" and "preventing danger to the community."  Zadvydas, 533 U.S. at 690.  However, this factor still weighs in Gakou's favor because respondent does not dispute that he has no criminal history and respondent does not argue that Gakou poses a danger or is a flight risk, and the record does not reveal any such risk.[6]  (See Doc. 6-2, Record of Deportable/Inadmissible Alien, at 5, stating that Gakou "did not appear to be a threat to national security, or public safety").

---

[6]  Indeed, in the event that the court grants Gakou's petition, respondent requests that the court order a bond hearing to determine whether Gakou is a flight risk or a danger to the community.  (Doc. 6, at 40).

9

Further, Gakou has demonstrated compliance with the immigration process by following its requirements and applying for asylum.

Accordingly, the court further finds that Gakou's mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A) violates his procedural due process rights under the Fifth Amendment.  See Bethancourt Soto, 807 F. Supp. 3d at 410 ("Taken together, the Court finds the Mathews factors weigh decisively in Petitioner's favor, and as such his mandatory detention under § 1225(b)(2)(A) violates his procedural due process rights.") (citations omitted).

## III.    Conclusion

Consistent with the foregoing, the court will grant Gakou's petition for a writ of habeas corpus and will order that Gakou receive a fair and impartial bond hearing before an Immigration Judge within the next 14 days.

BY THE COURT:

_____

JUDGE JULIA K. MUNLEY
United States District Court

Dated:    April 27, 2026

10